**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      Plaintiff,<br><br>v.<br><br>BROWN KAPLAR, PHYLLIS KAPLAR, UTAH STATE TAX COMMISSION, RULON FREDERICK DEYOUND d/b/a ORDER OF THE TRANQUILITY,<br><br>      Defendants. | **ORDER AND MEMORANDUM DECISION**<br><br>Civil No. 2:06 cv 261<br><br>Judge Paul G. Cassell<br><br>Magistrate Judge Brooke C. Wells |

The United States seeks to amend the Complaint[1] by "adding two additional tax assessments made against Brown Kaplar, for the years 2002 and 2003, to the reduce assessments [sic] to judgment claim and to foreclose the federal tax liens with regard to these years against the real property set forth in paragraph 8 of the Complain."[2] In opposition Defendants offer the same arguments that have already been rejected by this court[3] and Judge Cassell.[4] In essence, Defendants reassert their position that the Court lacks jurisdiction over them because Title 26 was not enacted into law.[5] Numerous other courts have rejected this argument as frivolous, baseless, and preposterous.[6]

---

[1] Docket no. 20.
[2] Gov. reply p. 1-2.
[3] *See* Order dated 6/20/06; *see also* minute entry from hearing held on 6/16/06.
[4] *See* Order dated 8/23/06.
[5] *See* Averment of Notice filed by Defendants, docket nos. 22 and 23.
[6] *See e.g.*, U.S. v. Macaka, 957 F.Supp. 988, 990-91 (W.D.Mich. 1996) ("Efforts to argue that federal jurisdiction does not extend to encompass federal prosecutions for federal tax evasion have been rejected

Accordingly, based on Plaintiff's motion to amend, the reasons and grounds set forth therein, and the lack of any credible arguments in opposition, and good cause shown,

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED.

DATED this 2nd day of November, 2007.

_____
Brooke C. Wells
United States Magistrate Judge

---

as either 'silly' or 'frivolous' by a myriad of courts throughout the nation."); *U.S. v. Zuger*, 602 F.Supp. 889, 891-92 (D.C.Conn. 1984); *Young v. I.R.S.* 596 F.Supp. 141, 149 (N.D.Ind. 1984).