IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>vs.<br><br>BROWN KAPLAR, PHYLLIS KAPLAR, UTAH STATE TAX COMMISSION, RULON FREDERICK DEYOUN d/b/a ORDER OF THE TRANQUILITY,<br><br>         Defendants. | Case No. 1:06 cv 261 DB<br><br>**REPORT AND RECOMMENDATION**<br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

Pursuant to 28 U.S.C. § 636(b)(1)(B) Judge Dee Benson referred this case for consideration. Before the Court are three motions for entry of default filed by the United States.[1] Specifically, the Government seeks an entry of default pursuant to Federal Rule 55(a) for Defendants Brown Kaplar, Phyllis Kaplar and Rulon Frederick DeYoung, because they have failed to answer the Amended Complaint filed on November 8, 2007. Based upon the record before the Court, Rule 55(a),[2] local rule 7-1(d) and Plaintiff's arguments outlined in its motions, the Court Recommends that Plaintiff's motions for entry of default be GRANTED.

---

[1] Docket nos. 29, 30 and 31.
[2] *See* Fed. R. Civ. P. 55(a).

Federal Rule 55(a) provides "Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[3]

Plaintiff served a copy of the Amended Complaint on November 8, 2007, via the United States Mail in a postage prepaid envelope.[4]  There is no evidence in the record demonstrating that the Defendants filed any response to the Amended Complaint.  In contrast, the Defendants filed multiple motions seeking to dismiss this matter in opposition to the Government's first Complaint.[5]  Therefore, the Court presumes that the Defendants, although acting *pro se*, understand they are required to address the Amended Complaint by filing an answer or motion.  Accordingly, based upon the record before the Court, the Court finds Defendants have failed to "plead or otherwise defend"[6] against the Government's Amended Complaint.

Finally, the Government filed the motions for entry of default on July 24, 2008.  Defendants have failed to oppose these motions and the time to do so has passed.  Local rule 7-1(d) provides that "Failure to respond timely to a motion may result in the court's granting the motion without further notice."[7]  Thus, Defendants lack of diligence in opposing the motions provides additional support warranting the granting of Plaintiff's motions for default.

---

[3] Fed. R. Civ. P. 55(a).
[4] *See* Amended Complaint, Attch. # 1 Certificate of Service
[5] *See* Motion to Quash Summons and Amended Motion to Quash Summons, docket nos. 3 and 7.  *See also* Motion to Dismiss, docket no. 17.
[6] Fed. R. Civ. P. 55(a).
[7] DUCivR. 7-1(b).

Accordingly, based on the foregoing, and for those reasons outlined in greater detail in Plaintiff's motions for default, the court RECOMMENDS that Plaintiff's motions be GRANTED.

Copies of the foregoing report and recommendation are being sent to all parties who are hereby notified of their right to object. Parties must file any objection to the Report and Recommendation within ten (10) days after receiving it. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 3rd day of September, 2008.

Brooke C. Wells
United States Magistrate Judge